RICHARD W. WENNETT & another,[1] trustees,[2] *vs.* JUDI A. ROSS & others.[3] April 4, 2003. *Trust,* Reformation.

We allowed the plaintiffs' application for direct appellate review. The plaintiffs seek to reform the Richard B. Ross 1996 Irrevocable Life Insurance Trust to correct two alleged scrivener's errors in paragraph 8A of the trust. Specifically, the plaintiffs seek to strike the phrase "[d]uring the lifetime of the Grantor" and replace the reference to "RICHARD B. ROSS" with "JUDI A. ROSS." The trust beneficiaries have all assented to the relief requested.[4]

After a thorough review of the record, we conclude that the trust fails to conform to the settlor's intent because of scrivener's error. *Walker* v. *Walker*, 433 Mass. 581, 587 (2001). Thus, the proposed reforms should be allowed as a matter of Massachusetts law.

---

[1]Stephen R. Karp.

[2]Of the Richard B. Ross 1996 Irrevocable Life Insurance Trust.

[3]Abigail D. Ross, Alison L. Ross, Franklin A. Ross, and the Commissioner of Internal Revenue.

[4]A guardian ad litem appointed by the Probate and Family Court also has assented to the relief requested on behalf of any additional unborn or unascertained beneficiaries.

A judgment shall be entered in the Probate and Family Court reforming the Richard B. Ross 1996 Irrevocable Life Insurance Trust in the manner set forth in paragraph 27 of the plaintiffs' complaint. The reformation is to be effective as of the date the trust instrument was executed.

*So ordered.*

Raymond H. Young, Martin M. Fantozzi, & Pamela L. Signorello, for the plaintiffs, submitted a brief.